**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**MARCELLAS MITCHELL,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-00053**

**JENNIFER L. HENDERSON,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Marcellas Mitchell's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his pro se Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2).

Having considered the Application, the Court **GRANTS** the same. (ECF No. 1). The Court finds that Plaintiff has minimal funds in his inmate account to make an initial partial filing fee payment. Therefore, Plaintiff is not ordered to make an initial payment. However, beginning on **October 5, 2026**, and on the fifth day of each month thereafter, monthly payments shall be made in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's inmate account until the full filing fee of $350.00[1] has been paid. The Western Regional Jail and Correctional Facility, or any other agency or facility having custody of Plaintiff, is **ORDERED** to forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10.00, until the full filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

[1] The filing fee for civil actions in this district is $405.00, which includes a $55.00 administrative fee. However, the administrative fee does not apply to persons granted *in forma pauperis* status or habeas proceedings. *See* https://www.wvsd.uscourts.gov/sites/wvsd/files/DISTRICT%20COURT%20FEES%20-%2012-01-2023%20FINAL.pdf.

Because Plaintiff is proceeding without prepayment of fees and costs, the Court must screen the Complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court liberally construes Plaintiff's pro se Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a pro se plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke*, 574 F.2d 1147, 1151-52 (4th Cir. 1978).

Plaintiff names Jennifer L. Henderson, identified as an investigator at the Western Regional Jail and Correctional Facility, as the sole Defendant. (ECF No. 2 at 4). Plaintiff alleges that, on August 21, 2025, his attorney was falsely accused of bringing drugs into the facility on Plaintiff's discovery paperwork. (*Id.* at 5). Plaintiff claims that Defendant Henderson confiscated his paperwork and stated that the paperwork tested positive. (*Id.*). Plaintiff further alleges that although he was not charged with "outside charges," he was placed in segregation, and thereby prevented from adequately preparing for his pending criminal case. (*Id.*). As relief, Plaintiff appears to request that criminal charges be brought against Defendant Henderson. (*Id.*).

As currently pled, the Complaint fails to state a claim upon which relief may be granted. Although Plaintiff generally asserts that Defendant Henderson violated his rights, he does not provide sufficient factual allegations demonstrating that Defendant Henderson's conduct deprived him of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (explaining that, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and show that the alleged deprivation was committed by a person acting under color of state law).

To the extent Plaintiff intends to assert that the confiscation of his legal materials interfered with his constitutional right of access to the courts, his allegations are insufficient. Prisoners have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). However, an inmate alleging a denial of access to the courts must demonstrate an "actual injury" by showing that the challenged conduct hindered his efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996); *see also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc) (requiring a prisoner to identify an actual injury resulting from the alleged denial of access to the courts).

Accordingly, Plaintiff must identify the legal proceeding or nonfrivolous legal claim allegedly affected and explain how Defendant Henderson's conduct actually hindered his ability to pursue that claim. Plaintiff's general assertion that the confiscation of his discovery materials prevented him from adequately preparing for his criminal case does not sufficiently allege an actual injury. (ECF No. 2 at 5).

Likewise, to the extent Plaintiff intends to assert a constitutional claim arising from his placement in segregation, the Complaint contains insufficient factual allegations to

state such a claim. A pretrial detainee retains a liberty interest in freedom from punishment, and placement of a pretrial detainee in segregation may implicate procedural due process protections depending upon the nature and purpose of the restriction. *Williamson v. Stirling*, 912 F.3d 154, 173-76 (4th Cir. 2018); *see also Dilworth v. Adams*, 841 F.3d 246, 251-54 (4th Cir. 2016). The process constitutionally required differs depending upon whether the restriction was imposed for disciplinary or administrative purposes. *Williamson*, 912 F.3d at 175-76. Here, Plaintiff states only that he was "put in the hole" after Defendant Henderson allegedly confiscated his paperwork. (ECF No. 2 at 5). He does not explain the duration or conditions of his segregation, whether his placement was disciplinary or administrative, the circumstances surrounding his placement, what process he received, if any, or Defendant Henderson's personal involvement in the decision to place or maintain him in segregation.

Accordingly, Plaintiff must provide sufficient factual allegations concerning these matters to permit the Court to determine whether his placement in segregation implicated a constitutionally protected liberty interest and, if so, whether he received constitutionally adequate process.

Finally, Plaintiff's requested relief is not available in this civil action. Plaintiff appears to ask the Court to cause criminal charges to be brought against Defendant Henderson. (ECF No. 2 at 5). However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (recognizing, in an action brought by inmates seeking criminal prosecution of correctional officers, that the decision whether to prosecute is within the prosecutor's discretion). Accordingly, this Court cannot initiate a criminal prosecution or direct

prosecuting authorities to bring criminal charges against Defendant Henderson. If Plaintiff files an amended complaint, he must identify relief that this Court has authority to award in a civil action under § 1983.

For these reasons, Plaintiff is **ORDERED** to file an amended complaint **on or before September 28, 2026**. The amended complaint must clearly state each claim Plaintiff intends to pursue and set forth specific facts explaining what Defendant Henderson personally did or failed to do that Plaintiff believes violated his federal rights; explain any actual injury resulting from the alleged confiscation of his legal materials; provide sufficient facts concerning his placement in segregation, including its duration and conditions, the circumstances surrounding and reason for his placement, what process he received, if any, and Defendant Henderson's involvement therein; and identify the relief Plaintiff seeks from this Court.

Plaintiff is hereby **NOTIFIED** that the amended complaint will supersede the original Complaint and should contain all of the factual allegations and claims that Plaintiff wishes to pursue in this action. *See Young v. City of Mount Rainier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."). Plaintiff should not rely upon conclusory statements that Defendant Henderson acted unlawfully or violated his rights. Rather, he must provide specific factual allegations supporting each claim.

If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Plaintiff is further **NOTIFIED** that failure to file an amended complaint within the time provided, or failure to correct the deficiencies identified herein, may result in a

recommendation that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or Federal Rule of Civil Procedure 41(b).

**Plaintiff is further NOTIFIED that he is responsible for notifying the Clerk of Court of any change in his address or other contact information.** Failure to do so may result in a recommendation of dismissal of this action for failure to prosecute.

The Clerk is directed to provide Plaintiff with a blank form Complaint pursuant to 42 U.S.C. § 1983 and a copy of this Memorandum Opinion and Order.

**ENTERED**: August 27, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE